## WILLIAM H. STEWART vs. PHILIP V. THOMAS.

In an action against a deputy sheriff for the conversion of chattels, alleged in the declara-
tion to be the property of the plaintiff, the answer denied such property, and alleged prop-
erty in a third person, and an attachment by the defendant on mesne process against
him. The plaintiff proved a previous sale by that person, which the defendant intro-
duced evidence to show was fraudulent against his creditors. *Held*, that the defendant
had the burden of proving that the sale was fraudulent.

ACTION OF ·TORT for converting to the ·defendant's own use
certain chattels, the property of the plaintiff. The answer de-
nied that they were the plaintiff's property, and alleged that
they· were the property of John Ewing, and that the defendant
was a deputy of the sheriff of Middlesex, and attached them on
mesne process against Ewing, and had a right so to do.

At the trial in the superior court in Middlesex at September
term 1859, before *Vose*, J., the plaintiff put in evidence a bill of
sale from Ewing to himself of the property, prior to the attach-
ment, which the defendant introduced evidence to show was
without consideration, and fraudulent and void as against Ew-
ing's creditors.

The judge instructed the jury " that the burden of proof was
upon the plaintiff, and that he must satisfy them upon the whole
evidence that the property, and the right to the possession of it,
were in him, as against Ewing's creditors, at the time of the al-
leged conversion;" and refused to instruct the jury, as requested
by the plaintiff, " that, fraud being set up by the defendant, and
there being evidence tending to show it, upon this point the bur-
den of proof was upon the defendant, and that, if he failed to
satisfy the jury that the sale was fraudulent, they should find for
the plaintiff." The jury returned a verdict for the defendant,
and the plaintiff alleged exceptions.

*A. R. Brown*, for the plaintiff. The defendant, by contend
ing that the sale by Ewing to the plaintiff was fraudulent,
and that the title at the time of the attachment was in
Ewing, raised a new and· distinct issue, upon which he as-
sumed the burden of proof. Fraud is never to be presumed,

but must be proved by the party alleging it. 1 Greenl. Ev. § 80. *Green* v. *Tanner*, 8 Met. 419. *Mansfield* v. *Sumner*, 6 Met. 111.

*A. F. Jewett*, for the defendant. This action is a substitute for the old form of declaring in trover, and requires the same evidence to support it. *St.* 1852, *c.* 312, §§ 2, 6, 84. *Robinson* v. *Austin*, 2 Gray, 564. The defendant, not having denied the conversion, admits it. *St.* 1852, *c.* 312, § 26. But the plaintiff must prove that the conversion was wrongful, and that he had such a right of property as to entitle him to the possession of the goods at the time of the conversion. 1 Chit. Pl. (6th Amer. ed.) 167. *Ross* v. *Johnson*, 5 Bur. 2825. *Fairbank* v. *Phelps*, 22 Pick. 535. *Ayer* v. *Bartlett*, 9 Pick. 156. The answer did not set up fraud, but simply denied the plaintiff's property. The single issue raised by the pleadings was that of property in the plaintiff, and on that issue the plaintiff, asserting the affirmative, had the burden of proof. 1 Greenl. Ev. § 74. *Buckminster* v. *Perry*, 4 Mass. 593. *Phillips* v. *Ford*, 9 Pick. 39. *Powers* v. *Russell*, 13 Pick. 69. *Tourtellot* v. *Rosebrook*, 11 Met. 460. *Delano* v. *Bartlett*, 6 Cush. 364. *Crowninshield* v. *Crowninshield*, 2 Gray, 524.

Shaw, C. J. The plaintiff's bill of sale was *prima facie* evidence of title. It proved a good title as against the grantor, and against all persons, except creditors of the grantor. It is not true, therefore, that the sale was void. It was voidable and defeasible by creditors, by attachment and not otherwise. The burden of proof did change, because, unless the defendant proved the sale to the plaintiff void as against creditors, he could not hold the property. The instruction prayed for should have been given. *Exceptions sustained.*